## HOHORST v. HAMBURG–AMERICAN PACKET CO. et al.

(Circuit Court, S. D. New York. January 6, 1897.)

PATENTS—INFRINGEMENT—ASCERTAINMENT OF PROFITS.

Nominal damages only can be decreed where, although it appears that the defendant has infringed, and has derived some benefit therefrom, yet the evidence is so uncertain, and the knowledge of the witnesses so limited, that it is impossible to obtain any basis for calculating the amount of profits, other than mere haphazard speculation.

This was a suit in equity by Friedrich Hohorst against the Hamburg-American Packet Company and others for infringement of a patent. The cause was heard on exceptions to the master's report in respect to damages and profits.

Charles M. Demond, for complainant.
Walter D. Edmonds, for defendants.

COXE, District Judge. On the 15th day of May, 1896, the master filed his report, in which he says, inter alia:

"I am convinced that the complainant has not made out a case entitling him to a recovery of profits within the rule applicable to this subject. I cannot make, as complainant suggests, 'an approximate calculation.' On the evidence, I can be no better satisfied that five or ten or twenty per cent. of certain goods were handled by the nets than two-thirds were so handled. If, therefore, I should report that complainant has shown profits made by defendant on the basis of a given proportion of certain goods handled, and a given proportion of time saved in handling them, such report would be based on the merest haphazard speculation. I do not consider that I am justified in making such conjectures." Citing 3 Rob. Pat. pp. 522, 523.

Accordingly, he found that the complainant is entitled to recover nothing by way of profits, and nominal damages only.

On the 29th of July, thereafter, the circuit court of appeals announced its decision in Tuttle v. Claflin, 22 C. C. A. 138, 76 Fed. 227. It is agreed on all sides that this is "a closely analogous case" to the one at bar, and that the law as there enunciated is now the rule in the second circuit. The court has been considerably perplexed as to the proper disposition of the case in view of this decision. After careful consideration it is thought fair to the learned master and just to all parties concerned, to refer the accounting again to the master with the suggestion that he follow the rule of Tuttle v. Claflin, and take such further action in the matter as he may deem proper.

### On Exceptions to Supplemental Report.

(December 23, 1897.)

TOWNSEND, District Judge. In this suit, the court, having decreed upon final hearing that complainant's patent, No. 119,765, for

improvement in slings for packages, was valid, and had been infringed by defendant, referred the matter to a master for an accounting. The master filed a report finding that complainant was entitled to no profits, and to only nominal damages. Upon the argument of complainant's exceptions to this report, Judge COXE referred the accounting back to the master in order to allow him to determine whether, in view of the decision in Tuttle v. Claflin, 22 C. C. A. 138, 76 Fed. 227, any further action was necessary, the decision therein having been announced after the master had filed his original report. The master thereafter filed a supplementary report, affirming the former report, in which he stated as follows: "I find nothing in the facts of the case, or in the law as laid down in the said decision in the case of Tuttle v. Claflin, that leads me to change the views and conclusions expressed in my former report." The complainant has duly excepted both to said original and supplementary reports, and the hearing was had upon exceptions.

It seems clear that the findings in the original report were justified by the evidence, and were in accordance with the general rule of law. Upon conflicting testimony the master found that the complainant had failed to furnish any "evidence upon which a computation of profits can be properly made." In his careful and exhaustive report he gives his reasons for this conclusion. The infringing devices were used in connection with other noninfringing devices, according to the exigencies of the business of handling mixed classes of packages constituting various kinds of cargoes of vessels under constantly varying conditions. That the defendant derived an advantage from the use of the infringing devices is expressly found, but the character of the testimony by which this fact was established was so conflicting and uncertain, and the knowledge of the witnesses was so limited in its scope, that it was manifestly impossible to obtain therefrom any basis of calculation from which to determine, with any degree of certainty, either the extent of the use of the infringing devices, or the saving effected or profits derived from such use. In the opinion of the circuit court of appeals on the rehearing in Tuttle v. Claflin the court reviews the facts, showing "that this case is, by reason of its history, both remarkable and unique," and adds that "no new rule of law was announced in regard to the burden of proof, or in regard to the necessity that the complainant should, in the cases which ordinarily come before the master, satisfy him by affirmative evidence of the amount of profits." The features which made the case of Tuttle v. Claflin unique are not present in this case. I agree with the master that the case contains no evidence upon which a computation of profits can be properly made, and the exceptions to this report are therefore overruled. Let a decree be entered accordingly.